2026-00147

C

Section 10

FILED
2026 JAN 08 A 11:27
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. DIVISION " "

JAFAR OBEIDAT

VERSUS

COSTCO WHOLESALE CORPORATION and WARREN WASS

FILED:______________________ ______________________
DEPUTY CLERK

---

**PETITION FOR DAMAGES**

---

**NOW INTO COURT**, through undersigned counsel, comes JAFAR OBEIDAT (hereinafter referred to as "Petitioner"), a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who respectfully avers that:

**I.**

Made defendant herein is:

1. **Costco Wholesale Corporation, (d/b/a Costco New Orleans Warehouse No. 1147)** (hereinafter referred to as "**Costco**") a foreign corporation, who at all times was authorized to do and doing business in the Orleans Parish, State of Louisiana; and
2. **Warren Wass** (hereinafter referred to as "**Wass**") a person of the full age of majority and a resident of Parish of St. Tammany, State of Louisiana, who at any and all material times mentioned herein was the manager at the Costco store where the Petitioner was injured.

**II.**

Petitioner avers that venue is proper in Orleans Parish pursuant to Louisiana Code of Civil Procedure Article 74, which says an action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. The wrongful conduct and negligence occurred in Orleans Parish. The damages suffered by Petitioner were sustained in Orleans Parish.

**III.**

On or about October 7, 2025, an incident occurred involving Petitioner, while Petitioner was a patron at **Costco** and/or **New Orleans Warehouse No. 1147**, located at 3900 Dublin Street,

E-Filed



EXHIBIT A

New Orleans, LA 70118. Whilst shopping at **Costco** and/or **New Orleans Warehouse No. 1147,** Petitioner suddenly and without warning, slipped and fell un an unknown liquid substance present on the ground inside the store. Upon information and belief, no caution sign was present at the time of Petitioner's fall.

**IV.**

Petitioner suffered severe and debilitating injuries as a result of this incident.

**V.**

The sole and proximate cause of the above referenced accident was the negligence and fault of the Defendant, **Costco** and/or **New Orleans Warehouse No. 1147,** through their agents and employees, which attributed to the following non-exclusive list of particulars:

a. Failure to maintain the premises in a safe condition;

b. Failure to remedy an unsafe condition;

c. Failure to conduct routine inspections of the grounds to ensure safe conditions;

d. Failure to instruct their employees as to the proper maintenance of the facility;

e. Failure to warn patrons of the unsafe condition;

f. Defendants knew or should have known of said hazardous condition;

g. Failure to maintain the premises free of any hazardous conditions;

h. Creating a foreseeable and/or unreasonable risk of harm;

i. The condition was present for a long enough period of time that if Defendant were acting reasonably, it would have been addressed; and

j. Any and all other acts of negligence, which may be proven at the trial of this matter.

**VI.**

The sole and proximate cause of the above referenced accident was the negligence and fault of **WASS** due to the following non-exclusive list of particulars:

1. Accepting the position of Store Manager without sufficient training;
2. Failure to properly supervise employees;
3. Failure to properly train employees;
4. Allowing employees to leave early at the end of the day, which did not allow for adequate safety inspections of the premises;

5. Failure to institute safety protocols for the store regarding inspection of the aisles for dangerous conditions; and
6. Failure to instruct employees of the proper protocols for cleaning up spills.

**VII.**

Petitioner avers that **COSTCO** and/or **New Orleans Warehouse No. 1147** maintain strict protocols designed for the safe operation it's store when there are spills or hazardous materials on their floors which include a systematic approach to ensuring its floors and walking surfaces do not accumulate any water or other materials which would create a surface by which a patron would fall. These protocols include, but are not limited to:

1. Maintaining constant awareness of the presence of any water or other materials on the floor;
2. Warning patrons of dangerous conditions upon the floor;
3. Proper mopping techniques to remove the presence of water or other materials from the floor;
4. Deploying fans to assist in the removal of water or other materials being present upon the floor;
5. Re-routing patrons' path of travel around and/or away from the presence of water or other materials being present on the floor; and
6. The Closing of specific entrances or exits of the store if the area cannot be logistically secured as safe for patron access.

**VIII.**

In order for the safety protocols of the above paragraph to be effective, the individual managers of the Costco have a duty to train their employees relative to the protocols, to implement the safety protocols within the store, to give direction to employees as to when certain safety protocols must be initiated, to personally follow-up on the protocols being put in place, to personally direct corrective action, to personally be ever aware of certain risks and conditions within the Costco store which give rise to certain safety protocols needing to be engaged, and like supervisory activity of a manager under circumstances warranting safety protocols being engaged.

**IX.**

The store manager having primary responsibility and authority for the operation of the subject Costco store, to include but not be limited to those duties contained in paragraph VIII is **WASS.**

2026-00147

C

Section 10

FILED
2026 JAN 08 A 11:27
CIVIL
DISTRICT COURT

X.

The store manager on duty at the time of the subject accident, having responsibility and authority for the operation of the subject Costco store, to include but not be limited to those duties contained in Paragraph IX is **WASS**.

XI.

As a result of the incident, Petitioner, suffered the following, severe and disabling, non-exclusive damages:

1. Past, present, and future medical expenses;
2. Past, present, and future physical pain and suffering;
3. Past, present, and future mental pain and anguish;
4. Loss of wages and/or diminished earnings capacity;
5. Any and all other elements of damage which may be proven at the trial of this matter.

XII.

Petitioner avers that Defendants failed to maintain a warning sign in an appropriate place to effectively warn customers of the unknown substance was the sole cause of Petitioner's slip and fall and resulting injury.

XIII.

Petitioner avers that all acts of commission and omission were negligent and in violation of common sense, common care, and common prudence, and all in violation of the laws of this State and Parish, which are pleaded herein as if copied *in extenso*.

XIV.

Petitioner avers that at the time of the filing of this Petition that the amount in controversy is more than $10,000 and less than $75,000, exclusive of interests and costs.

XV.

At the trial of this matter, it shall be necessary to call upon expert witnesses to give testimony, and the cost of these experts should be taxed as costs of Court and paid by the Defendants.

XVI.

Furthermore, Petitioner avers that **Costco** has failed to investigate this incident and failed to make a good faith effort to resolve this dispute.

E-Filed

2026-00147

C

Section 10

FILED
2026 JAN 08 A 11:27
CIVIL
DISTRICT COURT

XVII.

Petitioner avers amicable demand to no avail.

**WHEREFORE,** Petitioner, **JAFAR OBEIDAT**, prays that this Petition be filed and that Defendants, **Costco Wholesale Corporation** (d/b/a **Costco New Orleans Warehouse No. 1147) and Warren Wass** be duly cited and served with a copy of same, to appear and answer same, and after due proceedings had, there be judgment herein in favor of Petitioner, **JAFAR OBEIDAT**, and against Defendant, **Costco Wholesale Corporation** (d/b/a **Costco New Orleans Warehouse No. 1147) and Warren Wass**, in an amount reasonably calculated to compensate Petitioner for damages, together with legal interest thereon, from date of judicial demand until paid, and all costs of the proceedings, and all general and equitable relief as are allowable by Louisiana law.

Respectfully submitted,

COSSÉ LAW FIRM, LLC

ALEXANDER K. DIMITRY #32427
1515 Poydras Street, Suite 900
New Orleans, Louisiana 70112
Telephone: (504) 588-9500
Facsimile: (504) 588-2114
Email: alex@cosselaw.com
***Attorney for Plaintiff, Jafar Obeidat***

**PLEASE SERVE:**

**COSTCO WHOLESALE CORPORATION**
*Through its registered agent*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**WARREN WASS**
3929 Hook Island Lane
Slidell, LA 70461

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

E-Filed